## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Mike Tyrel Salley, | ) | Civil Action No. 2:21-cv-3457-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Warden Wallace, KCI | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 44) recommending that the Court grant Respondent's motion for summary judgment (Dkt. No. 37) on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, represented by counsel, has filed a single objection to the R & R, asserting that the Magistrate Judge erred in deferring to the state court's factual determination and legal conclusion that Petitioner was competent to stand trial. (Dkt. No. 48). Respondent has filed a response to Petitioner's objection. (Dkt. No. 49). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Respondent's motion for summary judgment.

**I.     Background**

Defendant was indicted by the Aiken County Grand Jury in May 2009 for assault with intent to commit criminal sexual conduct with a minor, first degree. South Carolina Circuit Judge R. Ferrell Cothran, Jr. conducted a *Blair* hearing on February 8, 2010, to determine whether Defendant was competent to stand trial. The Court heard testimony from two experts, Dr. Phillip T. Cornelius, a psychologist and forensic consultant with the South Carolina Department of Disabilities and Special Needs, and Dr. Donna Schwartz-Watts, a board certified forensic psychiatrist and professor at the University of South Carolina School of Medicine. Both

1

Dr. Cornelius and Dr. Schwartz-Watts had extensive experience in conducting competency evaluations.

The record presented to the state court indicated that Petitioner's IQ varied over time, ranging from a low of 42 to a high of 59. An IQ in the 50's is classified as mild to moderate retardation. (Dkt. No. 21-1 at 14). Dr. Cornelius testified that he evaluated Petitioner on three occasions: in 2004, when Petitioner was 14 years old; in 2007, when he was 17 years old; and in in 2009, when he was 18 years and 11 months old and was charged with criminal sexual conduct. Dr. Cornelius stated that in his initial 2004 evaluation, Petitioner had no understanding of court proceedings or the role of attorneys. Consequently, Dr. Cornelius found Petitioner not competent to stand trial. (*Id*. at 14-16). When Dr. Cornelius evaluated Petitioner the second time in 2007, he found that Petitioner demonstrated a better understanding of court processes and concluded Petitioner was then competent to stand trial. Dr. Cornelius further explained that during his 2007 evaluation he attempted to educate Petitioner regarding court processes, which he not only grasped in 2007 but also retained the knowledge when questioned in 2009. (*Id*. at 15). In response to questioning by Dr. Cornelius, Petitioner understood the differing roles of the solicitor and the defense lawyer and understood generally court processes. (*Id*.).

Dr. Schwartz-Watts agreed with Dr. Cornelius that Petitioner had a factual understanding of court proceedings and the adversarial nature of the process. She concluded, however, that Petitioner was not competent to stand trial because in her opinion he would have difficulty following the trial and thus could not assist his attorney in his defense. (*Id*. at 43-44, 64-65). She also doubted his ability to handle cross examination because he could be easily tricked. (*Id*. at 49-50).

Judge Cothran adjourned the hearing after receiving the testimony of the two forensic experts and indicated he intended to read the written evaluations of Petitioner conducted in 2004, 2007, and 2009. (*Id*. at 68). Several days later, in open court, Judge Cothran announced his finding that Petitioner was competent to stand trial. Judge Cothran stated he gave the greatest weight to the opinions of Dr. Cornelius because he had the opportunity to evaluate Petitioner on multiple occasions over several years and observed his improved understanding of court processes. Judge Cothran noted Dr. Cornelius' initial finding of non-competence and his willingness to alter his opinion when he observed Petitioner's increased understanding of court processes. In short, Judge Cothran confronted conflicting opinions of two forensic experts regarding competence, weighed the evidence and his observations from their in-court testimony, and concluded Dr. Cornelius' opinions were more persuasive.

Petitioner thereafter pled guilty to criminal sexual conduct, first degree, and was sentenced to 25 years in prison and sex offender treatment pursuant to a plea agreement. (*Id*. at 89). Petitioner subsequently challenged the trial court's competency finding on direct appeal. The South Carolina Court of Appeals affirmed the trial court's competency finding. (Dkt. No. 21-2 at 3). Petitioner thereafter sought *certiorari* from the South Carolina Supreme Court, which was initially granted, but the appeal was later dismissed as improvidently granted. (Dkt. No. 21-8). Petitioner also sought post-conviction relief, which was also denied. (Dkt. Nos. 21-12; 21-16; 21-18). Petitioner did not appeal the denial of his application of post-conviction relief. He thereafter filed this petition with this Court pursuant to 28 U.S.C. § 2254.

## II. <u>Legal Standard</u>

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has

made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### B. Federal Habeas Relief Pursuant to 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain relief in federal court if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in

federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id*. at 102 (citation and internal quotation marks omitted).  Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fair minded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102.  "If this standard is difficult to meet, that is because it was meant to be." *Id*.

## III.   Discussion

After careful review of the R & R, Petitioner's objection to the R & R, and the record before the Court, and construing the facts to the nonmovant's benefit, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Respondent's motion for summary judgment should be granted.[1]

In regard to the challenge to the trial court's competency findings, it is well settled that competency is a factual determination and is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).  The Petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id*.   The trial court was presented with conflicting opinions of two highly skilled and experienced expert witnesses regarding Petitioner's competence to stand trial, which required the trial judge to make credibility findings and to exercise judgment based on the record

---

[1] The R & R addressed initially the issue of the timeliness of the petition and concluded that Petitioner was entitled to equitable tolling.  Respondent has not challenged that finding.  The R & R also addressed other issues beyond the state court's finding regarding competence, and Petitioner has filed no objections to those recommendations. The Court has reviewed those rulings in which there was no objection under a clear error standard and is satisfied that the Magistrate Judge ably and correctly analyzed those factual and legal issues involved.  Consequently, the Court has adopted those findings and conclusions as the order of the Court.

evidence. The trial judge provided a reasonable basis for his competency finding, rooted in the record evidence and his assessment of the credibility of the witnesses. The trial court's credibility and factual findings are entitled to deference. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008). The record before this Court provides no basis to find that the trial judge made "an unreasonable determination of the facts" or "an unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d).

### IV.    Conclusion

For the forgoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 44) as the Order of the Court and **GRANTS** Respondent's motion for summary judgment. (Dkt. No. 37). The Court **DENIES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable

8

that Petitioner has not demonstrated that the state court's rulings were objectively unreasonable.

Therefore, a Certificate of Appealability is denied.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

January 23, 2023
Charleston, South Carolina